**HUI ZHU, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States**

Attorney General,* Respondent.

No. 08-3038-ag.

United States Court of Appeals,
Second Circuit.

May 28, 2009.

Yee Ling Poon and Robert Duk–Hwan Kim, New York, NY, for petitioner.

Gregory G. Katsas, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Channah M. Farber, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. WILFRED FEINBERG, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Hui Zhu, a native and citizen of China, seeks review of a May 22, 2008 order of the BIA affirming the April 4, 2006 decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Zhu,* No. A79 683 162 (B.I.A. Mar. 22, 2008), *aff'g* No. A79 683 162 (Immig. Ct. N.Y. City Apr. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

In support of her adverse credibility finding, the IJ relied on Zhu's various inconsistent statements. For example, Zhu testified that the internet café he managed installed surveillance software on its computers as mandated by the Chinese government, but he later testified that he did not install the software and that government officials installed it "privately" on only one or two computers. This contradictory testimony supported the IJ's adverse credibility determination. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–107 (2d Cir.2006) (stating that an IJ may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence).

The IJ also relied on discrepancies between Zhu's asylum application and testimony as to why the Chinese government sought to persecute him. Zhu stated in his asylum application and initially testified that officials sought to persecute him because they found anti-communist documents on the computers at the café he managed. On cross-examination, however, he testified that the Chinese government sought to persecute him because of comments he made about the Chinese family planning policy and because he personally downloaded anti-communist information on the computers. When asked why he never mentioned this in his asylum application,

Zhu explained that he felt it was "not necessary." The IJ rejected Zhu's explanation as inadequate and found that he "was waffling." We find no reason to disturb such findings. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005) (noting that particular deference is given to the IJ's observations of the applicant's demeanor). While asylum applicants are not required to list every incident of persecution on their I–589 statements, *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006), the IJ properly found that this omission significantly undermined Zhu's credibility.

Zhu further argues that the IJ failed to consider background evidence in the record in making her determination. We find no support for that argument. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68 (2d Cir.2002). Ultimately, the agency's credibility findings were "based upon neither a misstatement of the facts in the record nor bald speculation or caprice," and are thus supported by substantial evidence. *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) *abrogated in part on other grounds in Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

Because Zhu based his claim for withholding of removal on the same factual predicate as his asylum claim, that claim necessarily fails. *See, e.g., Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, it is well-settled that a petitioner is not "entitled to CAT protection based *solely* on the fact that she is part of the large class of persons who have illegally departed China." *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005) (emphasis in original). Therefore, the agency did not err in denying Zhu's request for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).